**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ASHFORD TERRILL BOYLAND** **PLAINTIFF**

**V.** **No. 5:07CV00105-SWW-BD**

**BOWLER, *et al.*** **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections:

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## II. **Background**:

Plaintiff, Ashford Terrill Boyland, an inmate at Arkansas Department of Correction ("ADC"), filed a pro se Complaint (#2) under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by acting with deliberate indifference to his serious medical needs.

In August, 2006, Plaintiff reported to Dr. Bowler at the prison infirmary for treatment of scar tissue that developed on his left cheek after a spider bite he received while in ADC custody. In his Complaint, Plaintiff alleges three claims. First, Plaintiff alleges Dr. Bowler failed to document his medical condition when he submitted a referral to a skin specialist, Dr. Robert Scott. According to the Complaint, Dr. Bowler's referral only stated "hypertrophic scar /or keloid; 30 y-male with previous spider bite to left side of face." (Complaint at p. 4). Second, Plaintiff alleges that Dr. Scott never personally examined him but consulted with Dr. Anderson, the Regional Medical Director, to "formulate a decision." Finally, Plaintiff alleges that Dr. Anderson arbitrarily denied the written referral for a "personal examination by [a] surgeon; stating there was no functional deficit documented." (Complaint at p. 4)

For the reasons discussed below, the Court recommends that the District Court dismiss Plaintiff's Complaint for failure to state a claim.

**III. <u>Discussion</u>:**

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In conducting a review for failure to state a claim, the Court is mindful that a complaint should be dismissed only if it is clear that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972) (*per curiam*). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a federally protected right and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285

(1976). The Eighth Circuit has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995).

Assuming all of the allegations in the Complaint are true, Plaintiff fails to state a claim upon which relief can be granted because he fails to allege that he is suffering from a serious medical need. A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778 (8th Cir. 1997) (citing *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Even assuming Plaintiff's allegations that the scar protrudes from his face, is getting larger, and is causing pain and itching are true, the need for treatment by a surgeon is not obvious. Plaintiff's scar was examined by a physician. The physician referred it to a specialist who reviewed Plaintiff's records and concluded his condition could be treated by lotions from the commissary. (Complaint at p. 9) Plaintiff's condition does not rise to the level of a serious medical need.

Plaintiff's Complaint fails to allege that Defendants actually knew of but deliberately disregarded a serious medical need. "Nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. Prisoners do not have a constitutional right to any particular type of treatment. See *id*. at 327-28. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (citations omitted). In this case, Plaintiff was seen and treated by Dr. Bowler. His records were reviewed by Dr. Scott and Dr. Anderson. Plaintiff may disagree with the treatment decisions of these physicians, but this does not rise to the level of deliberate disregard for his medical needs.

**IV. <u>Conclusion</u>**:

Accordingly, the Court recommends that the District Court DISMISS Plaintiff's Complaint (#2) with prejudice, with the dismissal counting as a "strike" for purposes of 28 U.S.C. § 1915(g); and certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not in good faith.

DATED this 5th day of June, 2007.

________________________________________
UNITED STATES MAGISTRATE JUDGE